**Original filed 9/11/06**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT STEARNS, | No. C 03-0562 JF (PR) |
| Plaintiff, | |
| vs. | ORDER OF PARTIAL SERVICE AND ADDRESSING PENDING MOTIONS |
| PHILLIP FLORES, et al, | (Docket nos. 36, 42, 44, 45, 47, 49) |
| Defendants. | |

Plaintiff originally filed a civil rights action in the United States District Court for the Eastern District of California (Stearns v. Flores, et al., CV-F-00-6331 AWI SMS P), challenging his initial validation in April 1999 as a gang member by prison officials at Corcoran State Prison (CSP), and, in 2002, his subsequent revalidation as a gang member and classification as a Security Housing Unit (SHU) inmate by prison officials at Pelican Bay State Prison (PBSP). In an order dated February 3, 2003, Magistrate Judge Snyder of the Eastern District ordered all claims against PBSP Defendants severed and transferred to this Court. In response to that order, the present action was filed in this Court on February 10, 2003 (Stearns v. Flores, et al., C 03-0562 JF). On September 15, 2004, the

Order of Partial Service and Addressing Pending Motions
P:\pro-se\sj.jf\cr.03\Stearns562.partialservice.ECK

1    Court dismissed Plaintiff's complaint with leave to amend, to include only those claims
2    relating to the incidents at PBSP and the Defendants involved in the PBSP claims.  Over
3    the course of the following four months, Plaintiff submitted three proposed amended
4    complaints.  In an order dated September 16, 2005, the Court granted Plaintiff's motion
5    to file the proposed amended complaint submitted on February 7, 2005.  For purposes of
6    this action, that document is the operative complaint (docket no. 26) and is the subject of
7    this order.
8         The complaint restates the allegations underlying all of Plaintiff's claims
9    challenging his initial validation as a gang member at CSP, and the denial of his
10   administrative appeals challenging the validation by CSP and California Department of
11   Corrections (CDC) officials.  The complaint also alleges claims based on Plaintiff's
12   challenges to his revalidation as a gang member and his classification status as an SHU
13   inmate by PBSP prison officials in 2002, and the denial of his administrative appeals
14   challenging those decisions by PBSP and CDC officials.  Based on the previous orders
15   issued by the Eastern District and this Court, the only claims properly at issue in this
16   action are those against the named PBSP Defendants and the CDC officials who reviewed
17   Plaintiff's appeals of the decisions made by the PBSP Defendants.  However, the Court's
18   review of the complaint reveals that those claims are inextricably intertwined with
19   Plaintiff's claims against the CSP Defendants and CDC officials who reviewed Plaintiff's
20   appeals of the decisions made by the CSP Defendants.
21        This is made eminently clear by the proceedings in Plaintiff's still-pending action
22   in the Eastern District, of which this Court takes judicial notice.  Most importantly, in an
23   order dated August 30, 2005 in that action, Judge Ishii adopted in full the
24   recommendations of Magistrate Judge Snyder that summary judgment be granted in favor
25   of the CSP Defendants on Plaintiff's due process claims challenging his gang validation.
26   (See Stearns v. Flores, et al., CV-F-00-6331 AWI SMS P, Docket nos. 302, 312.)  The
27   order appears to address both of the gang validation decisions (that is, the 1999 CSP
28

decision and the 2002 PBSP decision), and concludes that Plaintiff's right to due process was not violated because in each case he received notice and a hearing, and each decision was based upon sufficient reliable evidence. The order does not expressly address the issue of Plaintiff's SHU housing classification at PBSP based on his revalidation as a gang member.

Thus, as a threshold matter, it appears that a final judgment on the merits of Plaintiff's due process claim challenging his gang revalidation by prison officials at PBSP in 2002, and the subsequent denial of his administrative appeals challenging that decision by PBSP and CDC officials, has been issued by a court of competent jurisdiction, and that this claim is therefore barred from further litigation under the doctrine of res judicata. However, the preclusive effect, if any, of the prior decision on Plaintiff's wrongful classification claim is not as readily apparent.

This court may examine the preclusive effect of a prior judgment sua sponte. See Hawkins v. Risley, 984 F.2d 321, 324 (9th Cir. 1993); McClain v. Apodaca, 793 F.2d 1031, 1032-33 (9th Cir. 1986). Therefore, in the interests of justice and good cause appearing, the Court will order the parties to address this question as an initial matter. In order to do so, the Court does not find it necessary, nor an efficient use of resources, to order served the myriad Defendants whom Plaintiff names in the complaint. Rather, at this juncture in the proceedings, the Court will order the complaint served only on Defendant G. Wise, who made the decision to revalidate Plaintiff as a gang member in 2002, and Defendant R. Kirkland, who apparently made the decision to continue Plaintiff's SHU housing classification based on the revalidation, and who ultimately denied Plaintiff's appeals of both the revalidation and classification matters at the second level of PBSP review. If Plaintiff's claims against these Defendants, who made the initial decisions which precipitated Plaintiff's administrative appeals, are barred by the prior judgment, the claims against all PBSP and CDC officials who denied the administrative appeals of those decisions will be subject to dismissal by the Court under 28 U.S.C. §

1   1915A for failure to state a claim upon which relief may be granted. Accordingly, the
2   Court will review the claims against all Defendants other than Wise and Kirkland only
3   after the res judicata question has been resolved.
4     Plaintiff has filed several procedural motions which are pending before the Court.
5   In one, he asks the Court to stay further proceedings in this matter until his Eighth
6   Amendment claims which are pending in the Eastern District proceed to trial. Because
7   the trial date noted by Plaintiff has passed, this motion is DENIED as moot. (Docket no.
8   36.) Moreover, even if the trial has not yet occurred, the Court sees no need to delay
9   further an initial assessment of Plaintiff's due process claims, which do not appear to be
10  intertwined in any procedurally relevant way with Plaintiff's Eighth Amendment claims
11  against CSP Defendants.
12    Also on the docket is a motion for leave to proceed in forma pauperis, which
13  Plaintiff also apparently filed with the Ninth Circuit. The relevance of this motion to the
14  current proceedings is unclear. Plaintiff already has been granted leave to proceed in
15  forma pauperis in this action (docket no. 8), and does not appear to currently have an
16  appeal pending before the Ninth Circuit. Accordingly, the motion is DENIED as
17  unnecessary. (Docket no. 42.)
18    Plaintiff has filed a motion for a temporary restraining order in which he states that
19  a Correctional Counselor at PBSP told him that she had not received an envelope from
20  him, apparently attached to a "kite" (that is, a note from an inmate), which contained
21  important personal information which Plaintiff alleges can be used to harm him. Based
22  upon these limited facts, the Court concludes that this matter is the proper subject of an
23  administrative appeal, which Plaintiff states he is pursuing, not a temporary restraining
24  order. Accordingly, this motion is DENIED. (Docket no. 44.)
25    Plaintiff also has filed a motion for an internal affairs investigation. The decision
26  whether to order such an investigation falls under the purview of prison officials. Should
27  the Court find that further factual development on any issue is required during the course
28

of these proceedings, it will so order in accord with the proper rules of procedure. Accordingly, this motion is DENIED. (Docket no. 45.)

Plaintiff asks the Court to order the United States Marshal to serve his complaint. This motion is GRANTED in part, as set forth above. (Docket no. 47.)

Finally, Plaintiff moves to amend an error in a declaration. This motion is GRANTED. (Docket no. 49.)

## CONCLUSION AND RULINGS

For the foregoing reasons, the Court orders as follows:

1. The Clerk of the Court shall issue summonses and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint in this matter (docket no. 26), all attachments thereto, and a copy of this order on Defendants G. Wise and R. Kirkland at Pelican Bay State Prison. The Clerk also shall serve a copy of this order on Plaintiff.

2. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. Not later than **sixty (60) days** from the date of their answer, Defendants may file a motion to dismiss addressing the question whether Plaintiff's claims are barred under the doctrine of res judicata. If Defendants are of the opinion that neither of Plaintiff's claims is so barred, they shall so inform the Court on or before the date the motion to dismiss is due.

All papers filed with the Court shall be promptly served on Plaintiff.

3. Plaintiff's opposition to any motion to dismiss shall be filed with the Court and served upon Defendants not later than **sixty (60) days** from the date Defendants' motion is filed.

4. Defendants shall file a reply brief not later than **twenty (20) days** after Plaintiff's opposition is filed.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

Order of Partial Service and Addressing Pending Motions
P:\pro-se\sj.jf\cr.03\Stearns562.partialservice.ECK
5

6. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and the parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

8. Extensions of time are not favored, although reasonable extensions will be granted. Any motion for an extension of time must be filed not later than **ten (10)** days prior to the deadline sought to be extended.

9. The following motions are DENIED: docket numbers 36, 42, 44 and 45.

10. Plaintiff's motion for service is GRANTED in part. (Docket no. 47.)

11. Plaintiff's motion to amend his declaration is GRANTED. (Docket no. 49.)

This order terminates docket numbers 36, 42, 44, 45, 47 and 49.

IT IS SO ORDERED.

DATED:   9/11/06

/s/jeremy fogel
JEREMY FOGEL
United States District Judge

1  This is to certify that on _____ a copy of this order was mailed to the following:

2

3  Scott Stearns
J-61801
Pelican Bay State Prison
4  P.O. Box 7500
Crescent City, CA 95531

5

6  Gary Wise
Pelican Bay State Prison
5905 Lake Earl Drive
7  Crescent City, CA 95531-7000

8  R. Kirkland
Pelican Bay State Prison
9  5905 Lake Earl Drive
Crescent City, CA 95531-7000

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Partial Service and Addressing Pending Motions
P:\pro-se\sj.jf\cr.03\Stearns562.partialservice.ECK