**Original filed 4/16/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT STEARNS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>PHILLIP FLORES, et al,<br><br>　　　　Defendants. | No. C 03-0562 JF (PR)<br><br>ORDER GRANTING DEFENDANTS WISE AND KIRKLAND'S MOTION TO DISMISS, DISMISSING ALL REMAINING DEFENDANTS, AND TERMINATING ALL PENDING MOTIONS<br><br>(Docket nos. 60, 65, 67, 69, 71) |

**BACKGROUND**

In 2000, Plaintiff filed a civil rights action under 42 U.S.C. § 1983 in the United States District Court for the Eastern District of California challenging his initial validation in April 1999 as a gang associate by prison officials at Corcoran State Prison (CSP). (Stearns v. Flores, et al., CV-F-00-6331 AWI SMS P).  He later amended his complaint to add a challenge to his 2002 re-validation as a gang associate and subsequent classification as a Security Housing Unit (SHU) inmate by prison officials at Pelican Bay State Prison (PBSP).  In February 2003, Magistrate Judge Snyder of the Eastern District ordered all claims against the PBSP Defendants severed from the claims against the CSP

Defendants, and transferred the PBSP claims to the Northern District. In response to that order, the present action was filed in this Court on February 10, 2003.

In an order dated September 11, 2006, the Court reviewed the amended complaint filed by Plaintiff in the present action on February 7, 2005, and identified two separate claims: (1) a due process claim challenging Plaintiff's re-validation as a gang associate by PBSP officials in 2002, and (2) a due process claim challenging Plaintiff's SHU housing classification status following his re-validation as a gang associate. The Court determined that those claims, although raised only against the PBSP Defendants, appeared to be inextricably intertwined with Plaintiff's claims against the CSP Defendants and Department of Corrections officials – the subject of Plaintiff's lawsuit in the Eastern District. The Court noted that,

> [t]his is made eminently clear by the proceedings in Plaintiff's still-pending action in the Eastern District, of which this Court takes judicial notice. Most importantly, in an order dated August 30, 2005 in that action, Judge Ischii adopted in full the recommendations of Magistrate Judge Snyder to grant summary judgment to the CSP Defendants on Plaintiff's due process claims challenging his gang validation. (See Stearns v. Flores, et al., CV-F-00-6331 AWI SMS P, Docket nos. 302, 312.) The order appears to address both of the gang validation decisions (that is, the 1999 CSP decision and the 2002 PBSP decision), and concludes that Plaintiff's right to due process was not violated because in each case he received notice and a hearing, and each decision was based upon sufficient reliable evidence. The order does not expressly address the issue of Plaintiff's SHU housing classification at PBSP based on his revalidation as a gang member.

Order at 2-3.

The Court thus directed the parties, as a threshold matter, to address the question whether Plaintiff's claims were barred from further litigation under the doctrine of res judicata. Defendants Wise and Kirkland have filed a motion to dismiss on this ground, and on the ground that Plaintiff's classification claim fails to state a claim upon which relief may be granted. Plaintiff has filed an opposition.[1] For the reasons discussed below,

---

[1] Plaintiff has asked the Court to rely upon his previously-filed Reply to Defendants' Motion for Summary Judgment (docket no. 66) as his "Reply" to the motion to dismiss. (Docket no. 72.) Accordingly, the Court construes the "Reply" as Plaintiff's "Opposition" to the motion to dismiss.

Order Granting Defendants' Motion to Dismiss And Terminating All Pending Motions
P:\pro-se\sj.jf\cr.03\Stearns562.MTD.Grant.ECK

2

the Court grants the motion to dismiss.

**DISCUSSION**

**A.    Res Judicata**

Res judicata, or claim preclusion, "'bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action.'" C.D. Anderson & Co., Inc. v. Lemos, 832 F.2d 1097, 1100 (9th Cir. 1987) (citing McClain v. Apodaca, 793 F.2d 1031, 1033 (9th Cir. 1986)).  The three elements required for application of res judicata are: (1) a final judgment on the merits, (2) an identity of claims, and (3) identity or privity between the parties.  See Gospel Missions v. City of Los Angeles, 328 F.3d 548, 555 (9th Cir. 2003).

      1.    Gang Re-validation Claim

Plaintiff was first validated as a Nazi Low Rider gang associate at CSP in 1999. Subsequently, the Del Norte County Superior Court ordered that Plaintiff's validation be re-evaluated.  On June 21, 2002, at PBSP, Defendant Lt. Wise conducted the re-evaluation and re-validated Plaintiff as a gang associate.  Plaintiff claims that the re-validation did not meet the requirements of due process because the evidence relied upon was insufficient and unreliable.

          a.    Final Judgment on the Merits

"A final judgment includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect."  Robi v. Five Platters, Inc., 838 F.2d 318, 327 (9th Cir. 1988).  For purposes of res judicata, judgment entered on a motion to dismiss or for summary judgment is just as binding as a judgment entered after a trial of the facts.  See Ruple v. City of Vermillion, 714 F.2d 860, 862 (8th Cir. 1983), cert. denied, 465 U.S. 1029 (1984).

Here, Judge Ischii adopted in full the recommendations of Magistrate Judge O'Neill to grant summary judgment to the CSP Defendants and to dismiss Plaintiff's due process claim challenging his gang validation and re-validation.  This satisfies the "final

judgment" element of the res judicata determination.

        b.      Identity of Claims

The Ninth Circuit considers four factors when determining whether prior litigation involved the same claims as a pending action: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action, (2) whether substantially the same evidence is presented in the two actions, (3) whether the two suits involve infringement of the same right, and (4) whether the two suits arise out of the same transactional nucleus of facts. Gospel Missions, 328 F.3d at 555. These factors are "'tools of analysis, not requirements,'" and res judicata may be applied in reliance on the fourth factor alone. Inter'l Union of Operating Eng'rs, 994 F.2d 1426, 1430 (9th Cir. 1993) (citation omitted); see Gospel Missions, 328 F.3d at 555 (the fourth factor is the most important).

In his Eastern District lawsuit, Plaintiff alleged that several prison officials violated his right to due process by relying on insufficient and unreliable evidence to validate him as a gang associate at CSP. In the present case, Plaintiff similarly alleges that his re-validation as a gang associate at PBSP in 2002, which resulted in his assignment to an indeterminate term in the SHU, was in violation of due process because the evidence relied upon was insufficient and unreliable. The Supreme Court has held that prisoners have no constitutional right or interest independently protected by the Due Process Clause to be free from placement in administrative segregation. Hewitt v. Helms, 459 U.S. 460, 468 (1983). Allegations by a prisoner that he was denied due process in connection with the decision to administratively segregate him present a constitutionally cognizable claim if: (1) prison officials are narrowly restricted by state statutes or regulations to impose the specific deprivation at play, for example, an indeterminate term of segregation in the SHU, and (2) the liberty in question is one of "real substance." See Sandin v. Conner, 515 U.S. 472, 477-487 (1995). A liberty interest of "real substance" generally will be limited to freedom from (1) restraint that imposes "atypical and

Order Granting Defendants' Motion to Dismiss And Terminating All Pending Motions
P:\pro-se\sj.jf\cr.03\Stearns562.MTD.Grant.ECK

4

significant hardship on the inmate in relation to the ordinary incidents of prison life," id. at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," id. at 487.

Assuming that Plaintiff's indeterminate assignment to the SHU for administrative reasons implicates a liberty interest of real substance, due process requires prison officials to comply with the following procedures before making such a placement decision: (1) they must hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated, (2) they must inform the prisoner of the charges against him or the reasons segregation is being considered, and (3) they must allow the prisoner to present his views. Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir. 1986). There also must be "some evidence" to support the decision to place an inmate in segregation for administrative reasons, and the evidence must be reliable. Id. at 1104-05; see Bruce v. Ylst, 351 F.3d 1283, 1287-88 (9th Cir. 2003) (the "some evidence" standard applies to an inmate's placement in SHU for gang affiliation).

When addressing Plaintiff's claim in the Eastern District, Magistrate Judge O'Neill looked at the evidence presented to support both the original validation and re-validation decisions, and applied the "some evidence" standard to determine whether the evidence met the requirements of due process. Plaintiff's claim that the evidence presented in support of the 2002 re-validation was insufficient and unreliable was directly addressed by Judge O'Neill's findings. See Attachment 1 to Defendants' Motion to Dismiss at 9-10. Judge O'Neill set out in detail the nature and contents of eight source items relied upon by Defendant Lt. Wise to re-validate Plaintiff as a gang associate at the 2002 hearing. Id. Narrowing his review to three pieces of documentation (the minimum number of source items required for gang validation under California State Regulations, see California Code of Regulations, tit. 15 § 3378), Judge O'Neill found that "the information relied upon by correctional officers more than meets the 'some evidence' standard. The Court further finds the evidence reliable." Id. at 14. Specifically, Judge

Order Granting Defendants' Motion to Dismiss And Terminating All Pending Motions
P:\pro-se\sj.jf\cr.03\Stearns562.MTD.Grant.ECK

5

O'Neill found that "any one of the pieces of evidence before the Court is sufficient to support the conclusion reached by the prison regarding Plaintiff's gang validation," and that the evidence was "sufficiently reliable" because two of the items were self-incriminating, and the third relied upon undisputed first-hand knowledge from an officer who witnessed Plaintiff's participation in a gang-related incident. Id. at 16.

Plaintiff's claim challenging the validity of his 2002 gang re-validation involves infringement of the same right, relies upon presentation of the same evidence, and arises out of the same transactional nucleus of facts as the claim decided in the Eastern District. Accordingly, the Court finds that the "identity of claims" element of the res judicata determination is satisfied.

     c.  Identity of Parties

Res judicata may be applied only if the second suit involves the same parties to the first action or their privies. See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 327, n.5 (1979). Privity exists when a person is so identified in interest with another that he represents the same legal right. See Trujillo v. County of Santa Clara, 775 F.2d 1359, 1367 (9th Cir. 1985). The focus of the inquiry is whether the party in the later action was "'sufficiently close'" to the party in the first action so as to justify application of preclusion principles. See id. (citation omitted). The party to be precluded should reasonably have expected to be bound by the prior adjudication. See id. This requires a contextual approach based on the need to avoid repetitive litigation, rather than an approach based on mere formalities with regard to the parties. See id. Privity exists between officers of the same government so that a judgment in a suit between a party and a representative of the government is res judicata in relitigation of the same issue between that party and another officer of the government. See Church of New Song v. Establishment of Religion on Taxpayers' Money, 620 F.2d 648, 654 (7th Cir. 1980), cert. denied, 450 U.S. 929 (1981) (prison employees at federal prison in Texas in privity with prison employees at federal prison in Illinois as both suits against employees of Federal

Bureau of Prisons).

Here, Defendant Lt. Wise, although not named as a Defendant in Plaintiff's action in the Eastern District, is so identified in interest with the Defendants in that action that privity exists. His involvement in Plaintiff's due process claim was fundamental, insofar as he was the individual who conducted the re-evaluation of Plaintiff's original gang validation and upheld Plaintiff's status as a gang associate. Moreover, Magistrate Judge O'Neill specifically considered the pieces of evidence Defendant Wise relied upon to re-validate Plaintiff, and upheld the constitutionality of Defendant Wise's determination. As such, Defendant Wise should reasonably have expected to be bound by the prior adjudication that Plaintiff's re-validation did not violate due process. Therefore, the Court finds an identity of parties in the previous and present actions which satisfies the res judicata requirement.

### d. Conclusion

With respect to Plaintiff's due process claim regarding his re-validation as a gang associate in 2002, a review of the Eastern District's decision granting the Defendants' motion for summary judgment reveals a final judgment on the merits which involves an identity of claims and parties between the previous and present actions. Accordingly, the Court finds that Plaintiff is precluded from re-litigating this claim in the present action, and Defendants' motion to dismiss the claim on res judicata grounds is GRANTED.

### 2. SHU Classification Claim

Plaintiff claims that his placement in SHU based on the 2002 re-validation amounted to "wrongful classification" because the re-validation was unsubstantiated. This claim was not at issue in Plaintiff's original complaint, which was filed in the Eastern District in September 2000. It was apparently added as part of Plaintiff's Second Amended Complaint in the Eastern District, but was severed from Plaintiff's other claims and transferred to this Court in February 2003. Therefore, the claim has never been addressed on the merits.

Order Granting Defendants' Motion to Dismiss And Terminating All Pending Motions
P:\pro-se\sj.jf\cr.03\Stearns562.MTD.Grant.ECK

7

1    Defendants argue that the claim nevertheless is subject to claim preclusion because
2 it could have been litigated as part of the prior cause of action.  See Clark v. Yosemite
3 Community College Dist., 785 F.2d 781, 786 (9th Cir. 1986).  However, after Magistrate
4 Judge Snyder in the Eastern District reviewed Plaintiff's Second Amended Complaint, he
5 severed all of Plaintiff's claims against PBSP Defendants and transferred them to the
6 Northern District.  While Plaintiff's gang re-validation claim against PBSP Defendants
7 subsequently was decided in the Eastern District, as discussed above, this is because that
8 claim was inextricably intertwined with Plaintiff's gang validation claim against the CSP
9 Defendants, which was at issue in the Eastern District.  Plaintiff's claim of wrongful
10 classification at PBSP is not so intertwined, however, and therefore it was not necessary
11 for Magistrate Judge O'Neill to reach the claim when he addressed Plaintiff's gang re-
12 validation claim.
13    Because Plaintiff did in fact attempt to raise his wrongful classification claim in
14 the earlier proceeding, the claim was transferred to this Court, and the Eastern District's
15 ruling on the gang re-validation claim did not necessarily require that court also to rule on
16 the wrongful classification claim, the Court finds that Plaintiff is not precluded by res
17 judicata from pursuing the wrongful classification in the present action.  Accordingly,
18 Defendants' motion to dismiss this claim on res judicata grounds is DENIED.
19 **B.    Failure to State Claim**
20    Defendants argue that Plaintiff's claim of wrongful classification fails to state a
21 claim upon which relief may be granted because, once Plaintiff was re-validated as a gang
22 associate in accord with due process, Defendant Kirkland was required under California
23 law to assign Plaintiff for housing in the SHU.
24    A claim "should not be dismissed for failure to state a claim unless it appears
25 beyond doubt that the plaintiff can prove no set of facts in support of his claim which
26 would entitle him to relief.'"  Terracom v. Valley National Bank, 49 F.3d 555, 558 (9th
27 Cir. 1995) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Dismissal for failure
28

to state a claim is a ruling on a question of law.  See Parks School of Business, Inc., v. Symington, 51 F.3d 1480, 1483 (9th Cir. 1995).  "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).

Following his re-validation as a gang associate, Plaintiff was assigned to an indeterminate term in the SHU.  As discussed above, Plaintiff was entitled to the protections of due process in connection with his gang re-validation determination.  Once those requirements were met, however, he had no constitutionally protected interest in remaining free from administrative segregation.  Hewitt, 459 U.S. at 466-68; May v. Baldwin, 109 F.3d 557, 565 (9th Cir.1997).  And under California regulations, a gang associate "is deemed to be a severe threat to the safety of others or the security of the institution and will be placed in a SHU for an indefinite term." Cal. Code Regs. tit. 15, § 3341.5(c)(2)(A)(2).  As found by the Eastern District, Plaintiff's re-validation met constitutional requirements.  Thus, prison officials were obligated to house Plaintiff in the SHU.

Plaintiff also claims, however, that he should not have been housed in the SHU after Superior Court Judge Follett ordered his release from the SHU in an order dated June 5, 2002.  But as noted by Defendants and confirmed by this Court's review of the record, the order clearly states that prison officials had the choice to either release Plaintiff from the SHU *or* re-evaluate his gang affiliation according to California regulatory requirements.  Specifically, the order provided: "If the Department elects to re-evaluate, it shall keep the petitioner in the SHU during the process for no more time than is allowed under applicable regulations for initial administrative segregation during such validation process." Pl.'s Complaint at Ex. 77.  Officials at PBSP decided to proceed with the re-evaluation and issued a placement order in response to Judge Follett's order, which explained that Plaintiff was being retained in the SHU until the re-evaluation, which took place a little more than two weeks after Judge Follett's order.

1    Because Plaintiff's re-validation as a gang associate complied with due process,
2 Defendants were justified in housing him in the SHU for an indeterminate term under
3 state law.  And because Plaintiff was not ordered released from the SHU by Judge
4 Follett's order,  Defendant Kirkland was justified in retaining him in the SHU until the re-
5 evaluation was conducted.  Therefore, Plaintiff's wrongful classification claim fails, as a
6 matter of law, to state a claim upon which relief may be granted.  Defendants' motion to
7 dismiss this claim is GRANTED.
8 **C.    Dismissal of Claims Against Remaining Defendants**
9    Plaintiff named numerous Defendants in his amended complaint in addition to
10 Defendants Wise and Kirkland.  All of these Defendants are charged with denying
11 Plaintiff's administrative appeals of his wrongful re-validation and classification claims.
12 In its Order of Partial Service, the Court ordered the complaint served only on Defendant
13 Wise, who made the decision to re-validate Plaintiff as a gang associate in 2002, and
14 Defendant Kirkland, who made the decision to continue Plaintiff's SHU housing
15 classification based on the re-validation.  The Court explained that the "reason for so
16 doing is that it appears that if Plaintiff's claims against these Defendants, who made the
17 initial decisions which precipitated Plaintiff's administrative appeals, are barred by the
18 prior judgment, the claims against all PBSP and CDC officials who denied the
19 administrative appeals of those decisions will be subject to dismissal by the Court under
20 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.
21 Therefore, the Court will review the claims against all Defendants other than Wise and
22 Kirkland after the res judicata question has been resolved."  Order at 3-4.
23    A review of the amended complaint shows that the remaining Defendants are
24 being sued solely for their failure to overturn the gang re-validation and SHU
25 classification decisions made by Defendants Wise and Kirkland.  Because the Court has
26 found that the claims against Wise and Kirkland are without merit, however, any claim
27 that a constitutional violation occurred when their actions were administratively upheld
28

1  must be found meritless as well. In sum, no Defendant has deprived Plaintiff of a
2  constitutional right. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (a person
3  deprives another of a constitutional right within the meaning of 42 U.S.C. § 1983 if he
4  does an affirmative act, participates in another's affirmative act or omits to perform an act
5  which he is legally required to do, that causes the deprivation of which the plaintiff
6  complains). Accordingly, the claims against the remaining Defendants are DISMISSED
7  with prejudice.

**D.     Plaintiff's Pending Motions**

In light of the Court's rulings, Plaintiff's motion for the appointment of counsel is DENIED as moot. (Docket no. 60.)

Plaintiff's motion to "vacate" the filing of a document captioned as his "reply" to Defendants' motion for summary judgment (although Defendants did not file a motion for summary judgment) is DENIED as unnecessary, because the Court has granted Plaintiff's request to rely upon his subsequently-filed "reply" as his opposition to the motion to dismiss. (Docket no. 65.)

Plaintiff has filed two motions for summary judgment in which he asks this Court to rule on claims which are not at issue in the present action. Accordingly, these motions are DENIED as improperly filed. (Docket nos. 67, 69.) Plaintiff will have to file separate and new actions with respect to any claims against PBSP officials other than those raised in the present action.

**CONCLUSION AND RULINGS**

Based on a reasonable assessment of the claims at issue and on notions of fairness to the parties, the Court concludes that res judicata bars Plaintiff from pursuing his gang re-validation due process claim against Defendant Wise. Accordingly, the motion to dismiss this claim is GRANTED.

The Court further finds that Plaintiff's wrongful classification claim against Defendant Kirkland fails to state a claim upon which relief may be granted as a matter of

1 | law.  Accordingly, the motion to dismiss this claim is GRANTED.

2 |     Finally, the Court finds under 28 U.S.C. § 1915A that Plaintiff's claims against all
3 | remaining Defendants fail to state a claim upon which relief may be granted, and that this
4 | failure cannot be cured by further amendment of the complaint.  Accordingly, all
5 | Defendants are DISMISSED from this action with prejudice.

6 |     Plaintiff's pending motions are DENIED.  (Docket nos. 60, 65, 67, 69).

7 |     This order terminates docket numbers 60, 65, 67, 69 and 71.

8 |     The Clerk of the Court shall enter judgment and close the file.

9 |     IT IS SO ORDERED.

10 | DATED:   4/16/07

                                               JEREMY FOGEL
                                               United States District Judge